

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FIVE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | ED100064 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | 11SL-CR319-01 |
| | ) | |
| KEITH STUBBLEFIELD, | ) | Honorable Tom W. DePriest, Jr. |
| | ) | |
| Appellant. | ) | Filed: March 4, 2014 |

## Introduction

Keith Stubblefield (Defendant) appeals his convictions and sentences for murder in the first degree and armed criminal action, arguing there was insufficient evidence of Defendant's deliberation in the record to support a conviction for first-degree murder.[1] We affirm.

## Background

The evidence at trial supporting Defendant's convictions was as follows. Defendant and his girlfriend, Brandis McCollier (Victim), lived together in an apartment. On January 17, 2011, they had friends Tamara McGill (McGill) and Duane Wilderness

---

[1] Defendant also raises a number of issues in seven documents he filed *pro se*, denominated as filings under Local Rule 380(c). Each of these either raise issues regarding counsel that are not cognizable on direct appeal, or they are otherwise improper under Local Rule 380 as Defendant is represented by appellate counsel. As such, we do not discuss them here.

(Wilderness) over to their apartment as guests. Around 2:00 a.m., the four of them were sitting at a table in the front room, and Defendant and Victim began arguing. At some point, they moved into the kitchen and the argument escalated. Victim came out of the kitchen and sat down at the computer. Defendant came out and they started arguing again, and Defendant sat on the couch.

Defendant and Victim continued arguing. Defendant got up, pulled a gun out of his pants, set it on an ironing board, and put Victim in a choke-hold. Victim "beat him up" and Defendant fell on the ground. Victim stood over him and said, "Don't you put your hands on me no more." Victim went back to sit at the computer and picked up her phone to call the police, but she hung up after Defendant told her that they would both be "locked up" if the police came. Victim called her sister instead. Victim was holding her and Defendant's one-year-old daughter.

Defendant then told Wilderness he needed to leave, and Defendant asked McGill for a ride. McGill asked Victim if she could use Victim's car to drive Wilderness and Defendant, and Victim said McGill could give Wilderness a ride in Victim's car but not Defendant. Then Defendant said to McGill, "[G]et me out of here. Something bad going to happen." Defendant then moved toward the back door of the apartment as if to leave. McGill and Wilderness both turned away, then they heard a gunshot. They saw Victim fall to the floor. McGill testified Victim fell on top of her daughter, whom Victim had been holding. McGill got on the floor, and Defendant looked at her and said, "[McGill], you ready to die too?" Wilderness picked Victim up; Victim was not moving. Wilderness walked outside with Defendant, Defendant looked around, and "took off."

2

Wilderness called 911. The St. Louis County Medical examiner confirmed Victim died of a single gunshot wound to her head.

The State charged Defendant as a prior and persistent offender with murder in the first degree and armed criminal action. After a bench trial, the trial court convicted him of both charges and sentenced him to concurrent sentences of life imprisonment without probation or parole for murder, and life imprisonment for armed criminal action. This appeal follows.

## Discussion

Defendant's sole point on appeal is that there was insufficient evidence presented at trial to prove deliberation on the part of the Defendant, a necessary element of first-degree murder. We disagree.

Our review of a challenge to sufficiency of the evidence to support a conviction is limited to a determination of "whether the State introduced sufficient evidence at trial from which a reasonable trier of fact could have found each element of the offense to have been established beyond a reasonable doubt." State v. Anderson, 386 S.W.3d 186, 189-90 (Mo. App. E.D. 2012) (quoting State v. Bateman, 318 S.W.3d 681, 686-87 (Mo. banc 2010)). We accept as true all evidence and reasonable inferences favorable to the verdict, disregarding contrary inferences "unless they are such a natural and logical extension of the evidence that a reasonable juror would be unable to disregard them." Id.

Regarding the element of deliberation, it is defined as "cool reflection for any length of time no matter how brief." Section 565.002(3), RSMo. (2000). Deliberation may be implied from the circumstances surrounding the crime. Bateman, 318 S.W.3d at 687. One such circumstance is where the defendant had "ample opportunity to terminate

the confrontation." Id. at 687-88. Additionally, "[f]ailure to seek medical help for a victim strengthens the inference that the defendant deliberated." Id. at 688 (quoting State v. Strong, 142 S.W.3d 702, 717 (Mo. banc 2004)); State v. Howard, 896 S.W.2d 471, 481 (Mo. App. S.D. 1995) (inference of deliberation "strengthened by the fact that [defendants] left the scene immediately after [] shooting without checking on [] victims and procuring aid for them").

Here, there was sufficient evidence from which a trier of fact could have found the element of deliberation beyond a reasonable doubt. There was eyewitness testimony that Defendant and Victim had a prolonged argument. At one point Defendant set his gun on the ironing board, and then he retrieved it. After a physical altercation between Defendant and Victim, Defendant expressed that he wanted to leave because "something bad" would happen. He moved toward the back door and it appeared he was leaving. He instead shot Victim, implied he could do the same to McGill, and then left.

Given these facts, Defendant had time to terminate the confrontation, and even voiced a desire to do so. Rather than leaving the apartment as he began to, he instead chose to turn back inside the apartment and shoot Victim. This combined with his flight after shooting Victim amounts to sufficient evidence of deliberation. See Bateman, 318 S.W.3d at 687-88. Point denied.

## Conclusion

We affirm the judgment of the trial court.

_____
Gary M. Gaertner, Jr., Judge

Robert M. Clayton III, C. J., concurs.
Karl A. W. DeMarce, S. J., concurs.

4